**Opinion filed September 10, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-15-00055-CV

_____

## IN THE INTEREST OF S.F., A CHILD

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 7697-CX**

## M E M O R A N D U M   O P I N I O N

This is an appeal from an order terminating the parental rights of S.F.'s mother and father. Both parents appeal. We reverse and remand.

### *Issues Presented*

In their first issue, the parents challenge the legal and factual sufficiency of the evidence to support the trial court's finding that the circumstances of the child or parent had materially and substantially changed since the rendition of a prior order denying a request for termination. In their second issue, the parents argue that the

trial court erred in rendering the termination order without allowing the parents to present any evidence.

*Background Facts*

The Department of Family and Protective Services sought to terminate the parents' rights to S.F. and J.F. in a previous proceeding. After trial, the trial court entered an order in which it terminated the parents' rights to J.F. but denied the Department's request to terminate the parents' rights to S.F. because S.F. had not been in the conservatorship of the Department for a sufficient period of time under the applicable statute. *See* TEX. FAM. CODE ANN. § 161.001(1)(O) (West 2014)[1] (at least nine months).[2]

After the passage of the requisite time, the Department filed a supplemental petition to terminate the parents' rights to S.F. In the supplemental petition, the Department pleaded Section 161.004, which provides as follows:

> (a) The court may terminate the parent-child relationship after rendition of an order that previously denied termination of the parent-child relationship if:
>
> > (1) the petition under this section is filed after the date the order denying termination was rendered;
> >
> > (2) the circumstances of the child, parent, sole managing conservator, possessory conservator, or other party affected by the order denying termination have

---

[1]We note that the legislature has recently amended Section 161.001 such that the text of Section 161.001 is now contained in Section 161.001(b). *See* Act of Mar. 30, 2015, 84th Leg., R.S., S.B. 219, art. 1, § 1.078 (West) (to be codified as an amendment to TEX. FAM. CODE ANN. § 161.001) (effective Apr. 2, 2015). In this opinion, we refer to the section as it was numbered at the time of trial and as reflected in the trial court's order of termination.

[2]Section 161.001(1)(O) provides the following ground for termination: "[T]hat the parent has . . . failed to comply with the provisions of a court order that specifically established the actions necessary for the parent to obtain the return of the child who has been in the permanent or temporary managing conservatorship of the Department of Family and Protective Services for not less than nine months as a result of the child's removal from the parent under Chapter 262 for the abuse or neglect of the child."

materially and substantially changed since the date that the order was rendered;

(3) the parent committed an act listed under Section 161.001 before the date the order denying termination was rendered; and

(4) termination is in the best interest of the child.

(b) At a hearing under this section, the court may consider evidence presented at a previous hearing in a suit for termination of the parent-child relationship of the parent with respect to the same child.

*Id.* § 161.004.

A second trial regarding the parents' rights to S.F. began on December 11, 2014. The Department called its investigation supervisor as the first witness. Before the supervisor had answered any question of substance relating to this case, the parents objected to the supervisor's testimony on the basis that the Department had not laid a proper predicate under Section 161.004 "[i]f she is talking about the investigation relating to the initial removal, that is evidence from prior to the previous trial and the Court's order -- earlier order denying termination." The Department attempted to lay the predicate by asking the supervisor what had changed since the previous order denying termination. However, the supervisor answered that she did not know. The Department then called another witness, Christopher Willis, to lay the predicate.

Willis testified that he was a conservatorship worker for the Department and that he had been S.F.'s caseworker during the entire time since her removal from the parents. The Department asked Willis what had changed since the previous order denying termination, and Willis answered that S.F. had now been in the Department's care for over one year. On cross-examination, Willis was asked if there had been any significant change in the circumstances of the child or the parents since the prior

order. Willis answered, "Just the cessation of visitations" of the father pursuant to a court order. The father's visitation rights had been suspended by the trial court after he was involved in an altercation with the foster parent. On redirect, Willis also indicated that S.F.'s circumstances had changed because she was six months old at the time of the first trial and was just over one year old at the time of the hearing at issue in this appeal.

After the parties questioned Willis regarding whether circumstances had materially changed such that Section 161.004 applied, the attorneys presented arguments to the trial court on that issue, and the parents renewed their objection to any evidence relating to prior actions. The trial court then took "the matter under advisement." The entire proceeding took less than thirty minutes, and its transcription consists of only fifteen pages in the reporter's record. No evidence was presented regarding any actions of the parents or the best interest of the child. Nor was the trial court asked to take judicial notice of the evidence presented at the prior trial.

Without holding another hearing, the trial court entered an order terminating the parental rights of S.F.'s parents. In the order, the trial court found that Section 161.004 applied, that termination was appropriate pursuant to Section 161.001(1)(O), and that termination was in the best interest of S.F. The parents filed an objection to the entry of the order in which they asserted that no evidence was presented at the trial that would support termination and complained that they had no opportunity to present evidence in rebuttal. The parents requested that the termination hearing be rescheduled and concluded at an appropriate time. The parents also filed a motion for new trial in which they made similar contentions.

*Analysis*

The termination of parental rights must be supported by clear and convincing evidence. FAM. § 161.001. Section 161.004 has been regarded as a mechanism through which the Department may, upon proving a material change in the circumstances of an affected party, defeat a parent's claim of res judicata when the Department seeks termination after a prior petition seeking termination was denied. *In re L.O.*, No. 12-12-00196-CV, 2012 WL 5878241, at *4 (Tex. App.—Tyler Nov. 21, 2012, pet. denied); *In re J.R.*, No. 07-12-00003-CV, 2012 WL 1605738, at *3 (Tex. App.—Amarillo May 8, 2012, no pet.) (mem. op.); *In re K.G.*, 350 S.W.3d 338, 349 (Tex. App.—Fort Worth 2011, pet. denied). Even if Section 161.004 applied, the Department was required to present evidence at the subsequent trial to support its grounds for termination. "Parental rights are 'far more precious than any property right,' and when the State initiates a termination proceeding, 'it seeks not merely to infringe that fundamental liberty interest, but to end it.'" *In re E.R.*, 385 S.W.3d 552, 563 (Tex. 2012) (quoting *Santosky v. Kramer*, 455 U.S. 745, 758–59 (1982)). We carefully scrutinize termination proceedings, and we strictly construe involuntary termination statutes in the parent's favor. *Id.* There is no question that the parents should have been permitted to present evidence on their behalf in response to the State's efforts to terminate their parental rights. Accordingly, the trial court erred when it rendered judgment without conducting a trial on the merits after it took the Section 161.004 matter under advisement. We sustain the parents' second issue on appeal. We do not address the parents' first issue as it is not dispositive of this appeal since other circumstances may well have changed if this case again proceeds to trial. *See* TEX. R. APP. P. 47.1.

*This Court's Ruling*

We reverse the trial court's order insofar as it terminated the parental rights of the parents to S.F., and we remand this cause to the trial court for further proceedings.  Any proceeding on remand must be commenced within 180 days of this court's mandate.  TEX. R. APP. P. 28.4.


JOHN M. BAILEY

JUSTICE


September 10, 2015

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.

6